IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAMUEL QUEEN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-22-1374 |
| WARDEN | * | |
| Defendant. | * | |

***

**MEMORANDUM ORDER**

This case was initiated upon receipt of Plaintiff Samuel Queen's Complaint and Motion for Temporary Restraining Order on June 6, 2022. (ECF Nos. 1, 2). Queen has neither paid the $402 filing fee nor filed a motion seeking its waiver. Queen will be required to correct this deficiency before this case may proceed. For the reasons stated below, the Motion for Temporary Restraining Order is denied.

A preliminary injunction is an "extraordinary remedy." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20.[1] "[A]ll four requirements must be satisfied." Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th

[1] The standards for evaluating a temporary restraining order are the same as those for a preliminary injunction. See, e.g., Ass'n of Cmty. Cancer Ctrs. v. Azar, 509 F.Supp.3d 482, 493 n.8 (D.Md. 2020).

Cir. 2009), vacated in part on other grounds, 559 U.S. 1089 (2010). Because Queen has failed to satisfy all four Winter factors, his request for injunctive relief will be denied.

The Complaint concerns the withholding of various books ordered by Queen on the subject of computer coding and a related policy prohibiting certain books to be possessed by inmates. (See Decl. Samuel Queen ["Compl."] at 1–2, ECF No. 1). Queen requests that the Court preliminarily enjoin Defendant, Warden of North Branch Correctional Institution ("NBCI"), and Defendant's "agents" from violating Queen's First, Fourth, and Fourteenth Amendment rights. (Req. Prelim. Inj. & TRO ["Mot."] at 1, ECF No. 2). Queen contends that the ongoing deprivation of the books he ordered and the newly implemented policy banning coding books violates his rights under Turner v. Safley, 482 U.S. 78 (1987). (Id.). Further, Queen asserts that he only has ten days to prevent his mail being returned and being prevented from ordering the books again. (Id.).

Queen makes no showing that he is likely to succeed on his claims at trial beyond his conclusory assertion. (See id.). Moreover, in the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). No such circumstances have been presented to the Court here.

Additionally, Queen fails to demonstrate a likelihood of suffering irreparable harm if the relief is not granted. As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Med. Grp., 952 F.2d 802, 812 (4th Cir. 1991). As to Queen's claim that he is being wrongfully denied his coding books, Queen presents no irreparable injury, relying

instead only on the assertion that the threat of harm exceeds that which could be suffered by Defendant. (See Mot. at 1).

Furthermore, Queen has failed to demonstrate that the balance of equities is in his favor or that an injunction would be in the public interest. Because he fails to meet at least three of the four Winter factors, his Motion shall be denied.

Finally, the Court notes that Queen mentions a Cpt. Sires in his Motion, implying possibly improper intentions in denying Queen access to his purchased books. (Mot. at 1). However, Queen has not named Cpt. Sires as a defendant, nor does he provide any further information regarding these allegations. Queen also identifies various correctional staff who he claims are involved but has not named as defendants. (Compl. at 1). To comply with the Federal Rules of Civil Procedure, the complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, see Fed.R.Civ.P. 8(a), and also the names of each defendant, see Fed.R.Civ.P. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

If Queen seeks to proceed with a claim against Cpt. Spire, or any other individual involved, the Court will grant Queen leave to supplement his Complaint with further details. Should Queen choose to supplement the Complaint, he should state what constitutional violation has occurred; provide the times, dates, and locations of any relevant events; identify the individuals he seeks to hold responsible; provide a description of what actions each individual took or failed to take which resulted in the alleged wrongdoing; describe the harm he has suffered; and list the precise relief requested from the Court. If Queen does not supplement the Complaint, the case will proceed only against the NBCI Warden.

Accordingly, it is this 28th day of June, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Queen's Motion for Temporary Order (ECF No. 2) is DENIED;

2. Queen is GRANTED twenty-eight (28) days from the date of this Order to either pay the $402 filing fee or file a Motion for Leave to proceed in Forma Pauperis and is FOREWARNED that his failure to do so will result in dismissal of the Complaint without prejudice and without further notice of the Court;

3. Queen is GRANTED twenty-eight (28) days from the date of this Order to supplement his Complaint if he so chooses; and

4. The Clerk shall MAIL a copy of this order to Queen with a civil rights complaint packet.

/s/

George L. Russell, III
United States District Judge